UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MARKIEL DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00849-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS DUPLICATIVE OF CASE 1:18-CV-00832<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff filed the complaint commencing this action on June 21, 2018. (ECF No. 1). As the complaint filed in this case is identical to the complaint Plaintiff filed in Davis v. State of California, E.D. CA, Case No. 1:18-cv-00832 (ECF No. 1), the Court will recommend dismissing this case as duplicative of Case 1:18-cv-00832.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of,

as 'the thing adjudged,' regarding the matters at issue in the second suit.'" Id. (alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties … to the action, are the same." Adams, 497 F.3d at 689. See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688.

On June 20, 2018, Plaintiff filed a complaint in the Eastern District of California, which is proceeding in Case No. 1:18-cv-00832, Davis v. State of California. It is not clear why, but one day later, an identical complaint was docketed in the above-captioned case. Because Plaintiff's complaint was docketed twice, and because it is proceeding in an earlier filed case, the Court will recommend that this case be dismissed, without prejudice.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice as duplicative of Davis v. State of California, E.D. CA, Case No. 1:18-cv-00832; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 28, 2018**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE